UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

KELLY HARDEN,

    Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION,
COLUMBIA CONSTRUCTION COMPANY,
ROBIE WINDOW SYSTEMS, INC.,
JONATHAN ROBIE, TIMOTHY GREER,
JOHN DOE CORPORATION, ALIAS, AND
JOHN AND/OR JANE DOE, ALIAS,

    Defendants.

Civil Action No. 1:15-CV-11503

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following document:

*Memorandum of Law in Support of the Defendants' Motion to Compel the Production of Plaintiff's CORI*

was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and that paper copies have been sent to those indicated as non-registered participants (if applicable) on this 16th day of March 2017.

Agapi Koulouris, Esq.
The Commonwealth of Massachusetts
Executive Office of Public Safety and Security
Department of Criminal Justice Information Services
200 Arlington Street, Suite 2200
Chelsea, MA 02150

Robert T. Karns, Esq.
Karns Law Group
6 Valley Road
Middletown, RI 02842
sarah@karnslaw.com

Joseph H. Aronson, Esq.
Bonner, Kiernan Trebach & Crociata LLP
200 Portland Street, 4th Floor
Boston, MA 02114
jaronson@bonnerkiernan.com

Joseph R. Posner, Esq.
Bonner, Kiernan Trebach & Crociata LLP
200 Portland Street, 4th Floor
Boston, MA 02114
jposner@bonnerkiernan.com

Amato Anthony DeLuca, Esq.
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903
bud@dwlaw.us

    Respectfully submitted,

    Robie Window Systems, Inc., Jonathan Robie, and
    Timothy Greer,
    By their Attorneys,

    /s/ Mark Lavoie
    _____
    Mark B. Lavoie [BBO# 553204]
    Miguel Stookey [BBO# 681800]
    McDonough, Hacking & Lavoie, LLC
    27 Congress Street, Suite 404
    Salem, MA 01970
    Tel: (617) 367-0808
    Fax: (617) 367-8307
    Email: mlavoie@mhlattys.com
    Email: mstookey@mhlattys.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY HARDEN,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br>COLUMBIA CONSTRUCTION COMPANY,<br>ROBIE WINDOW SYSTEMS, INC.,<br>JONATHAN ROBIE, TIMOTHY GREER,<br>JOHN DOE CORPORATION, ALIAS, AND<br>JOHN AND/OR JANE DOE, ALIAS,<br><br>Defendants. | Civil Action No. 1:15-CV-11503 |

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF PLAINTIFF'S CORI

### INTRODUCTION

The Defendants, Robie Window Systems, Inc., Jonathan Robie, and Timothy Greer ("Defendants") hereby request that the Court issue an order requiring the Department of Criminal Justice Information Services to produce any non-juvenile records of the Plaintiff, in accordance with the Subpoena dated March 7, 2017. See **Exhibit A**. As grounds for this motion, the Defendants submit the following:

### LEGAL STANDARDS

Pursuant to General Laws, Chapter 6, Section 172, an attorney of record in civil litigation may request Criminal Offender Record Information (CORI) from the Department of Criminal Justice Information Services (DCJIS) for the purposes of witness impeachment or trial strategy. Howe v. Town of North Andover, 784 F.Supp.2d 24, 32 (D. Mass. 2011); see G.L.c. 6, § 172(c); Schuurman v. Town of North Reading, 139 F.R.D. 276, 277 (D. Mass. 1991) (holding that

Chapter 6, Section 172(c), permits access to a plaintiff's criminal records for impeachment purposes). The DCJIS regulations pertaining to CORI further provide that: "An attorney seeking to obtain a non-client's CORI, beyond what is available via Open Access to CORI, for litigation purposes shall submit a valid, signed court order directly to DCJIS." 803 CMR 2.07(3)(b). Massachusetts courts have held that an attorney seeking an individual's CORI may file a motion with the court requesting a court order directing the DCJIS to supply the individual's CORI for a particular purpose. See, e.g., Estate of Strong v. American Drug Stores, Inc., 14 Mass.L.Rptr. 353, at *2 (Feb. 6, 2002) (not reported in N.E.2d) (holding that attorneys of record may receive CORI in civil litigation for witness impeachment or trial strategy purposes). Thus, if an attorney of record in a civil case files a motion seeking an order directing the DCJIS (formerly the Criminal History Systems Board or CHSB) to release CORI "for witness impeachment or trial strategy purposes," the motion **will** be granted without the need to serve anyone else. Estate of Strong v. American Drug Stores, Inc., 14 Mass.L.Rptr. 353, at *2 (Feb. 6, 2002) (not reported in N.E.2d).

## PERTINENT FACTS

This is a negligence action involving claims for personal injuries that the Plaintiff allegedly sustained, arising out of an incident at a worksite in Marlborough, Massachusetts, on April 11, 2014. During his deposition, on September 1, 2016, the Plaintiff was unwilling or unable to answer with any amount of clarity or specificity counsel's questions about past convictions. See **Exhibit B**, Harden Depo. at 30–32. Following his deposition, on September 19, 2016, the Defendants, in accordance with the above provisions and in accordance with Howe v. Town of North Andover, sought leave of court to obtain the Plaintiff's CORI by filing a motion with this Court for General Grant of Access to Criminal Offender Record Information. See Howe

v. Town of North Andover, 784 F.Supp.2d 24, 32 (D. Mass. 2011) (holding that a party seeking to obtain CORI from the DCJIS may submit a motion to the trial judge requesting approval of a general grant of access to an individual's CORI). On September 27, 2016, however, the Court denied Defendants' motion for the reason that it wished the Defendants to request the information from the DCJIS directly.

Following the denial of their motion, the Defendants have sought to obtain the Plaintiff's CORI from the DCJIS as instructed. After several earlier attempts at cooperation, on March 6, 2017, at 4:05 PM, Attorney Shad Miller and Attorney Miguel Stookey again conferred in good faith over the telephone to narrow the areas of disagreement to the greatest possible extent. Attorney Miller and Attorney Stookey, however, were unable to narrow the areas of disagreement to the satisfaction of both parties, because the Plaintiff is unwilling to provide his CORI, unless the information can be limited to a certain period of time. The issue that remains to be decided by the Court, therefore, is whether there exists any such limitation in the law on the criminal-record information that an attorney may have access to, other than Federal Rule of Evidence Rule 609(d)'s limitation on admissibility of juvenile adjudications.

Subsequent to the discovery conference with Attorney Miller, Defendants served a Notice of Taking of Keeper of Records Deposition and Subpoena on the DCJIS on March 9, 2017. See **Exhibit A**, Subpoena. Prior to the service of the Subpoena, on March 7, 2017, the Defendants served a notice and a copy of the subpoena on each party in the case, in accordance with Federal Rules of Civil Procedure, Rule 45(a)(4). See **Exhibit D**, Notice and Copy of Subpoena. By letter dated March 10, 2017, the DCJIS objected to the records that the Defendant requested, stating that: "DCJIS hopes to cooperate with your office in the production of materials but, may not do so without a court order due to following constraints: The records sought contain Criminal

Offender Record Information protected under state law." See **Exhibit C**, DCJIS Objection. Defendants now move for a court order compelling the production of Plaintiff's non-juvenile records from the DCJIS, pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, and G.L.c. 6, § 172(c) and 803 CMR 2.07(3)(b).

## ARGUMENT

### 1. Plaintiff's CORI Is Subject To Discovery, Because It Is Relevant To The Plaintiff's Credibility.

The scope of discovery under the Federal Rules of Civil Procedure is very broad. Johnson v. Schmidt, No.CV-89-0531, 1992 WL 135237, at *2 (E.D.N.Y. May 28, 1992); see Fed.R.Civ.P. 26(b). During discovery, a party is entitled to discover **any nonprivileged matter** that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1); Schuurman v. Town of North Reading, 139 F.R.D. 276, 277 (D. Mass. 1991). At the discovery stage of litigation, courts should construe relevance **very broadly**, and a court should consider a request for discovery relevant if there is **any** possibility that the information that the party is seeking may be relevant to the subject matter of the action. Schuurman v. Town of North Reading, 139 F.R.D. 276, 277 (D. Mass. 1991) (citing Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984)). Rule 26(b)(1) of the Federal Rules of Civil Procedure clearly states that: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1); see Schuurman v. Town of North Reading, 139 F.R.D. 276, 278 (D. Mass. 1991) (holding that criminal record of civil-rights plaintiff, even potentially embarrassing or irrelevant information, was discoverable for impeachment purposes).

Criminal convictions are admissible under Federal Rules of Evidence, Rule 609, to impeach any witness, including plaintiffs testifying on their own behalf. Fed.R.Evid. 609(a); Schuurman v. Town of North Reading, 139 F.R.D. 276, 277 (D. Mass. 1991). Under Rule

609(b), evidence of a conviction, **even a conviction that is more than ten years old**, is admissible if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed.R.Evid. 609(b). Discovery of a plaintiff's entire adult criminal record therefore is reasonably calculated to uncover admissible evidence, and objections to the tendency of this evidence to prejudice or confuse the jury are properly brought at trial, not during discovery. Schuurman v. Town of North Reading, 139 F.R.D. 276, 277 (D. Mass. 1991) (citing Roth v. Paramount Film Distributing Corp., 4 F.R.D. 302, 304–05 (W.D. Pa. 1945)); see also Uitts v. General Motors Corp., 58 F.R.D. 450, 452–53 (E.D. Pa. 1972) (holding that discovery is proper under Rule 26, even if the court later determines that the evidence is inadmissible).

Any objection to the discovery of Plaintiff's past convictions here is without merit. Rule 609(a)(1) permits evidence of past convictions for the purpose of impeaching credibility at trial. Fed.R.Evid. 609(a)(1); Johnson v. Schmidt, No.CV-89-0531, 1992 WL 135237, at *2 (E.D.N.Y. May 28, 1992). The Plaintiff's entire adult criminal record is therefore relevant to the issue of credibility and is subject to discovery. See Johnson v. Schmidt, No.CV-89-0531, 1992 WL 135237, at *2 (E.D.N.Y. May 28, 1992) (citing Schuurman v. Town of North Reading, 139 F.R.D. 276, 277 (D. Mass. 1991)). Whether or not Plaintiff's past convictions will ultimately be admissible at trial is irrelevant, because the discovery of such evidence, even potentially embarrassing or irrelevant information, is reasonably calculated to lead to admissible evidence by assisting the Defendants in investigating and preparing their case. See Johnson v. Schmidt, No.CV-89-0531, 1992 WL 135237, at *2 (E.D.N.Y. May 28, 1992) (plaintiff may not refuse to answer questions about past convictions at a deposition); Estate of Strong v. American Drug

Stores, Inc., 14 Mass.L.Rptr. 353, at *1 (Feb. 6, 2002) (not reported in N.E.2d) (criminal records are generally discoverable); Frederick v. Canal Elec. Co., No. 935838, 1995 WL 1146178, at *1 (Dec. 11, 1995) (criminal records may be discovered under Massachusetts law for impeachment purposes). Further, Plaintiff's continued refusal to cooperate with the Defendants may subject his complaint to dismissal under Rule 37(b). See Fed.R.Civ.P. 37(b)(2)(A); see also Johnson v. Schmidt, No.CV-89-0531, 1992 WL 135237, at *2 (E.D.N.Y. May 28, 1992) (allowing defendant's motion to compel plaintiff to answer questions at a deposition).

### 2. The Plaintiff's Privacy Is Adequately Protected.

The Defendants seek Plaintiff's CORI for the purposes of impeachment and trial strategy only and will not reveal Plaintiff's criminal record to parties uninvolved with the defense of this action. General Laws, Chapter 6, Section 172 prohibits improper dissemination of criminal record information, and Section 178 imposes criminal penalties for violation of Section 172. G.L.c. 6, §§ 172 & 178; see Frederick v. Canal Elec. Co., No. 935838, 1995 WL 1146178, at *1 (Dec. 11, 1995) ("Because § 178 provides a safeguard against improper dissemination of plaintiff's criminal records, the court finds that the records are discoverable for impeachment purposes."). Further, the Defendants seek only Plaintiff's adult criminal records and do not seek Plaintiff's juvenile records. See **Exhibit A**, Subpoena. The Plaintiff's privacy therefore is adequately protected by the Defendants' assurances of restraint and by penalties imposed by state law for improper dissemination of criminal record information. See Schuurman v. Town of North Reading, 139 F.R.D. 276, 277 (D. Mass. 1991) (holding that plaintiff's privacy was adequately protected, because state law prohibited dissemination of potentially embarrassing or irrelevant criminal-record information).

## CONCLUSION

Based on all of the foregoing, the Defendants respectfully request that this Honorable Court grant their motion to compel the DCJIS to produce Plaintiff's entire adult criminal record.

Respectfully submitted,

Robie Window Systems, Inc., Jonathan Robie, and
Timothy Greer,
By their Attorneys,

/s/ Mark Lavoie
_____
Mark B. Lavoie [BBO# 553204]
Miguel Stookey [BBO# 681800]
McDonough, Hacking & Lavoie, LLC
27 Congress Street, Suite 404
Salem, MA 01970
Tel: (617) 367-0808
Fax: (617) 367-8307
Email: mlavoie@mhlattys.com
Email: mstookey@mhlattys.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY HARDEN,<br><br>                Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br>COLUMBIA CONSTRUCTION COMPANY,<br>ROBIE WINDOW SYSTEMS, INC.,<br>JONATHAN ROBIE, TIMOTHY GREER,<br>JOHN DOE CORPORATION, ALIAS, AND<br>JOHN AND/OR JANE DOE, ALIAS,<br><br>                Defendants. | Civil Action No. 1:15-CV-11503 |

## AFFIDAVIT OF NON-DISCLOSURE

I, Miguel Stookey, attorney for the Defendants, Robie Windows Systems, Inc., Jonathan Robie, and Timothy Greer, hereby state that the Criminal Offender Record Information (CORI) sought by the Defendants in their Motion to Compel the Production of Plaintiff's CORI, will be used exclusively for witness impeachment purposes or trial strategy related to this case, and that such information will not be disclosed to unauthorized persons.

Signed under the pains and penalties of perjury this 16 day of March, 2017.

_____
Miguel Stookey, Esq.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY HARDEN,<br><br>                Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br>COLUMBIA CONSTRUCTION COMPANY,<br>ROBIE WINDOW SYSTEMS, INC.,<br>JONATHAN ROBIE, TIMOTHY GREER,<br>JOHN DOE CORPORATION, ALIAS, AND<br>JOHN AND/OR JANE DOE, ALIAS,<br><br>                Defendants. | Civil Action No. 1:15-CV-11503 |

## **AFFIDAVIT OF GOOD-FAITH CONFERENCE PER RULE 7.1(A)(2) AND 37.1**

      I, Miguel Stookey, attorney for the Defendants, Robie Windows Systems, Inc., Jonathan Robie, and Timothy Greer, hereby state that on March 6, 2017, I engaged in a good faith conference with Shad Miller, counsel for the Plaintiff, Kelly Harden ("Plaintiff"), regarding access to Plaintiff's non-juvenile Criminal Offender Record Information (CORI). Local Rule 7.1(a)(2) states that: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Despite our efforts, Attorney Miller and I were not able to resolve or narrow the issue regarding access to Plaintiff's CORI.

      Signed under the pains and penalties of perjury this 6 day of March, 2017.

                                            _____
                                            Miguel Stookey, Esq.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| KELLY HARDEN,<br><br>    Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br>COLUMBIA CONSTRUCTION COMPANY,<br>ROBIE WINDOW SYSTEMS, INC.,<br>JONATHAN ROBIE, TIMOTHY GREER,<br>JOHN DOE CORPORATION, ALIAS, AND<br>JOHN AND/OR JANE DOE, ALIAS,<br><br>    Defendants. | Civil Action No. 1:15-CV-11503 |
|---|---|

## **ORDER**

The Motion for an order compelling the production of Criminal Offender Record Information (CORI) of the Plaintiff, Kelly Harden, date of birth, June 21, 1966, and limited to the non-juvenile criminal offender record information in the possession, custody or control of the Department of Criminal Justice Information Services (DCJIS), is hereby ALLOWED.

The DCJIS shall release the information to the Attorney of Record for Robie Windows Systems, Inc., Jonathan Robie, and Timothy Greer, or its appointed agent upon presentation of this Order.

Dated: _____

_____
                             By the Court