UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY HARDEN,<br><br>    Plaintiff,<br><br>  v.<br><br>BOSTON SCIENTIFIC CORP., COLUMBIA CONST. CO., ROBIE WINDOW SYSTEMS, INC., JONATHAN ROBIE, TIMOTHY GREER, JOHN DOE CORP., JOHN AND/OR JANE DOE<br><br>    Defendants. | Docket No. 15-cv-11503-MLW |

**ORDER ON DEFENDANTS' FIRST MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S CORI (DKT. NO. 75) & PLAINTIFF'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER (DKT. NO. 77)**

CABELL, U.S.M.J.:

**Introduction**

The defendants move for an order compelling the Department of Criminal Justice Information Services (DCJIS) to comply with a deposition subpoena requiring it to produce the plaintiff's Criminal Offender Record Information (CORI). (Dkt. No. 75). The plaintiff moves to quash the subpoena and for a protective order. (Dkt. No. 77). After consideration, the defendants' motion will be ALLOWED, subject to certain limitations. The plaintiff's motion to quash will be DENIED.

**Relevant Background**

The defendants' present motion to compel represents their third effort to obtain the plaintiff's CORI. The Court rejected the defendants' first two attempts. First, in September 2016 the defendants moved for an order granting them access to the plaintiff's CORI. (Dkt. No. 47). The plaintiff opposed the entire motion but in reality mostly opposed the motion to the extent it sought records more than ten years old, including all juvenile records. (Dkt. No. 48). The Court denied the motion without prejudice on the ground that the proper course of action (in the Court's view) was for the defendants to seek this information by service of a subpoena on the DCJIS. (Dkt. Nos. 50-51).

Next, and in response to the Court's denial, the defendants served the DCJIS with a notice of deposition (but not a subpoena) for the keeper of records and instructed the putative deponent to bring the plaintiff's "entire file." The DCJIS responded that it would not comply absent a court order. The plaintiff moved to quash and for a protective order on the ground, *inter alia,* that the defendants had not served the DCJIS with a subpoena. (Dkt. No. 61). This Court concluded that a notice of deposition in this context, unlike a subpoena, is not an enforceable court order, notwithstanding the functional similarity between the two. The Court concluded that there was therefore nothing for the Court to

act upon and denied the plaintiff's motion to quash as unripe. (Dkt. No. 66).

Now, the defendants have this time served the DCJIS with a subpoena seeking the plaintiff's adult records (but not his juvenile records). As before, the DCJIS objects, but it has not moved to quash the subpoena, and it has indicated it will comply with the subpoena if ordered by the Court.

**Discussion**

Under Fed. R. Civ. P. 26, a party is entitled to discover any non-privileged[1] matter that is relevant to any party's claim or defense. The defendants assert here that M.G.L. c. 6, § 172 authorizes an attorney of record in a civil litigation matter to "request [CORI information] from the [DCJIS] *for the purposes of witness impeachment or trial strategy*," citing *Howe v. Town of North Andover*, 784 F. Supp. 2d 24, 32 and M.G.L. c. 6, § 172(c). (Dkt. 76, p.1). As a point of clarification, while this exact

---

[1] The DCJIS asserts that CORI records are privileged and in fact objects to the subpoena on that ground. *See* Fed. R. Civ. P. 45(e)(2). Relying on case law providing that a privilege may be created by statute, the DCJIS asserts that CORI records are privileged because they are protected from disclosure by state law, M.G.L. c. 6, § 172. (Dkt. 75, Exh. 3, p.2-3). To the extent it matters, the Court does not find this argument persuasive here. Even accepting that a privilege may be created by statute, nothing in the CORI statute purports to protect CORI records from disclosure as privileged. *See e.g., by contrast*, M.G.L. c. 233, § 20J (explicitly protecting from disclosure communications between sexual assault counselor and victim of sexual assault). On the contrary, the very purpose of the CORI statutes (and accompanying CMRs) appears to be to set out the mechanism by which members of the public may obtain an individual's CORI.

language does appear in *Howe*, it does not appear anywhere in the current version of M.G.L. c. 6, § 172, let alone subsection (c). It appears that this language likely has since been removed from § 172. Nevertheless, the statute does contemplate circumstances under which members of the public may obtain CORI information, and a specific Massachusetts regulation explicitly contemplates that an attorney may with a valid court order obtain from the DCJIS a non-client's CORI. 803 C.M.R. § 2.07(3)(b) ("[a]n attorney seeking to obtain a non-client's CORI, beyond what is available via Open Access to CORI, for litigation purposes shall submit a valid, signed court order directly to DCJIS.").

With this background in mind, and given the defendants' showing of the potential relevance of the plaintiff's CORI, I find that the defendants are entitled to discover the plaintiff's adult criminal record information from the DCJIS. I accordingly ALLOW the defendants' motion to compel production of the plaintiff's adult CORI, and hereby order the DCJIS to provide to the above-named defendants a copy of the plaintiff Mr. Kelly Harden's CORI information. The defendants' receipt and handling of any information provided by the DCJIS shall be subject to the limitations contained in M.G.L. c. 6, § 178, as well as the three additional limitations below.

First, with respect to all CORI materials disclosed by the

DCJIS to defense counsel of record in this case, defense counsel of record and the agents of defense counsel (members of the office of defense counsel who are directly engaged in assisting in the legal defense of this case, and other persons retained by defense counsel for the purpose of assisting in the legal defense of this case) may further disclose such materials, or information contained therein, only for the purpose of the legal defense of the above-captioned case. Such permissible disclosure by defense counsel of record and the agents of defense counsel of record includes providing the above-referenced materials, and the information contained therein, to the defendants for the purpose of the legal defense of the above-captioned case.

Second, defense counsel of record may disclose such materials, and information contained therein, to potential witnesses only for the purpose of the legal defense in this matter, provided that defense counsel of record have made a good faith determination that such disclosure is necessary to the proper preparation of the legal defense in this case. In addition, defense counsel of record must redact any social security numbers, dates of birth, home addresses, names of minor children, and financial account numbers of the plaintiff from the copies of CORI materials shown to such witnesses.

Third, no defendant nor any other person receiving from

defense counsel of record or the agents of defense counsel the CORI materials, or the information contained therein, disclosed to defense counsel by the DCJIS in this case, is permitted to further disseminate or further disclose such materials or information for any purpose at any time.

As noted above, this Order relates only to the plaintiff's adult record; the DCJIS should not produce any information regarding juvenile offenses.

The Court presumes that the defendants will provide to the plaintiff a copy of any information received from the DCJIS.

In light of the foregoing, the plaintiff's motion to quash and for a protective order is DENIED.

**SO ORDERED.**

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: April 18, 2017