UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY HARDEN,<br><br>       Plaintiff,<br><br>  v.<br><br>BOSTON SCIENTIFIC CORP., COLUMBIA CONST. CO., ROBIE WINDOW SYSTEMS, INC., JONATHAN ROBIE, TIMOTHY GREER, JOHN DOE CORP., JOHN AND/OR JANE DOE<br><br>       Defendants. | Docket No. 15-cv-11503-MLW |

**ORDER ON DEFENDANTS' MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER (DKT. NO. 88)**

CABELL, U.S.M.J.:

    Upon consideration of the parties' papers, the Court concludes that the information sought is relevant and discoverable under the broad scope of Fed. R. Civ. P. 26. Therefore, the motion to quash and for a protective order is DENIED. The Department of Criminal Justice Information Services (DCJIS) is hereby ordered to provide to counsel for the above-named plaintiff a copy of the defendant Mr. Timothy Greer's CORI information. This production shall be subject to the limitations contained in M.G.L. c., 6 § 178.

    Additionally, the Granite House in Derry, New Hampshire, and the New Freedom Academy in Canterbury, New Hampshire,

(collectively, "treatment providers"), are hereby ordered to provide to counsel for the plaintiff a copy of the defendant Mr. Timothy Greer's treatment records.

The possession, use and treatment of the CORI information and treatment records shall be subject to the following limitations.

First, with respect to all materials disclosed by the DCJIS or treatment providers to plaintiff's counsel of record in this case, plaintiff's counsel of record and the agents of plaintiff's counsel (members of the office of plaintiff's counsel who are directly engaged in assisting in the legal prosecution of this case, and other persons retained by plaintiff's counsel for the purpose of assisting in the legal prosecution of this case) may further disclose such materials, or information contained therein, only for the purpose of the legal prosecution of the above-captioned case.  Such permissible disclosure by plaintiff's counsel of record and the agents of plaintiff's counsel of record includes providing the above-referenced materials, and the information contained therein, to the plaintiff for the purpose of the legal prosecution of the above-captioned case.

Second, plaintiff's counsel of record may disclose such materials, and information contained therein, to potential witnesses only for the purpose of the legal prosecution in this matter, provided that plaintiff's counsel of record have made a

2

good faith determination that such disclosure is necessary to the proper preparation of the legal prosecution in this case. In addition, plaintiff's counsel of record must redact any social security numbers, dates of birth, home addresses, names of minor children, and financial account numbers of the plaintiff from the copies of the materials shown to such witnesses.

Third, neither the plaintiff nor any other person receiving from plaintiff's counsel of record or the agents of plaintiff's counsel the materials, or the information contained therein, disclosed to plaintiff's counsel by the DCJIS or treatment providers in this case, is permitted to further disseminate or further disclose such materials or information for any purpose at any time.

Regarding the CORI information, this Order relates only to the defendant's adult record; no information regarding juvenile offenses should be included.

SO ORDERED.

/s/ Donald L. Cabell
DONALD L. CABELL
United States Magistrate Judge

DATED: July 25, 2017